GILLESPIE, Presiding Justice.
In this appeal from a conviction in the Circuit Court of Jackson County for manslaughter in the death of Willie Horn and for which a twenty year sentence to the Mississippi State Penitentiary was imposed, the appellant, Walter L. Showers, Jr., assigns as error that (1) the verdict of the jury is contrary to the overwhelming weight of the evidence and (2) the trial court erroneously overruled the appellant’s motion for a new trial which was founded upon the purported prejudicial nature of a statement by the prosecuting attorney during the closing argument.
The testimony presented to the jury is without substantial dispute. When Wardell Showers, the brother of the appellant, returned home from work on the afternoon of May 21, 1968, he learned that earlier in the day his wife and Willie Horn, whose deceased wife had been a sister of both the appellant and Warded Showers, had argued about her caring for the Horn children. In order to inquire about this incident, Warded Showers went the short distance to the rear of Horn’s house where an argument ensued between Warded and Horn, and the appellant shouted for Warded to return. Following an exchange of threats, Warded ran to the rear of his house and Horn entered his house. Although the disputed matter did not involve him and although he was unaware of whether or not Horn had armed himself, the appellant, carrying Warded Showers’ .22 caliber rifle, moved into War-dell’s front yard and fired into the living room window of the Horn home. The bullet penetrated the neck of Horn who was standing in front of the window. Wounded, Horn stumbled outside, fed to the ground, and was dead before anyone could reach him. Immediately thereafter and despite hearing Warded yell something about a shot, the appellant drove to his sister’s house in Biloxi where he was arrested.
It is undisputed that the appellant, Walter L. Showers, Jr., fired the shot into the living room window of the Horn home. This the appellant admitted, although he did not know whether the deceased was armed at the time or whether the bullet struck his brother-in-law. However, the testimony of the deceased’s fourteen year old daughter, that her father was unarmed and standing in front of the window into which the appellant shot, stands uncontradicted. Thus, ample evidence was presented (1) to refute the contention of appellant that the weapon was fired “in the grip of fear” and (2) to support the verdict of the jury.
The second assignment of error contends that the statement in the closing argument by the prosecuting attorney that if the bullet went through the window, then the jury should find him guilty, is sufficiently prejudicial to have warranted the granting of a mistrial. The appellant’s objection to the making of this statement was sustained. In overruling the subsequent motion for a mistrial which was tendered after the jury had retired to consider its verdict, the trial court stated:
In that motion, of course, I sustained the objection. The district attorney stated that if the bullet went through the window, they should find him guilty. It was my impression and I still feel that it wasn’t [the district attorney’s] intention to convey to the jury that all they had to do is find that the bullet went through the window. I didn’t think that and it wasn’t in keeping with the instructions.
Aside from the issue of prejudice which this Court deems under the circum *454 stances to have been vitiated, if ever present, by the trial court’s properly instructing the jury as to the law to be applied in the course of its deliberation, the motion for a mistrial was made after the jury had retired to consider its verdict and, thus, was not timely. Coburn v. State, 250 Miss. 684, 168 So.2d 123 (1964).
We find no reversible error.
Affirmed.
PATTERSON, INZER, SMITH and ROBERTSON, JJ., concur.